# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cv-199-FDW

| | |
|---|---|
| SCOTT MCCOMBS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| ) | |
| DAVID MAHONEY, Sheriff, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. § 1915(e). Also pending is Plaintiff's Motion to Appoint Counsel, Motion to Serve Petition on Sheriff's Office, (Doc. No. 3). On July 13, 2016, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 9). Thus, Plaintiff is proceeding in forma pauperis.

**I.  BACKGROUND**

Pro se Plaintiff Scott McCombs, Sr., filed this action on June 22, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff's purported claims arise out of his treatment while he was a pre-trial detainee at the Transylvania County Detention Center. Plaintiff has named the following as Defendants: (1) Transylvania County Sheriff David Mahoney; (2) John Laughter, identified as a sergeant with the Transylvania County Sheriff's Office; (3) Kri McCall, identified as a lieutenant with the Transylvania County Sheriff's Office; and (4) "Other Unnamed Deputies of

1

Transylvania County Jail." Plaintiff alleges the following factual allegations in the Complaint:

> A sergeant (Stg. Laughter) working here continues to threaten physical harm to me along with trying to entice other inmates to inflict physical harm on me. Staff continuously opens and censors inmates' legal privileged mail even after requested not to. Another staff member here continuously makes unwanted sexual jokes and comments toward me for the purposes of harassing me. (Lt. McCall). Jail administration has punished me and other[s] with retaliation for making complains about staff members. (Lt. McCall). The jail staff also deprives some inmates of hygiene items for several days. They did this to me personally during June 8, 2016-June 16, 2016. This jail administration maliciously makes it virtually impossible for an inmate to effectively represent himself effectively pro se on a court matter and maliciously deprives inmates access to legal materials. The jail staff does not go by the policy they posted in the pods. The jail does not provide indigent pro se inmates with any legal materials. Staff members do not treat inmates fair and impartial. Jail administration maliciously deprives certain inmates of their choice of not obtaining "gain time" credit toward their sentences. These actions are deliberate toward individuals for purposes of harassing and causing needless anxiety on an inmate along with incarceration an inmate longer than needed (Lt. McCall and Sgt. Stroup). Jail staff continues to use tobacco products inside jail facility. (Multiple). Jail administration sometimes enters sentencing orders wrongly and manipulates interpretation of sentences just to keep an inmate longer than needed (Sgt. Stroup and Lt. McCall). Jail staff violates its own policy rules by passing contraband items to inmates along with other security issues. Jail staff makes convicted sex offenders and juvenile inmates co-inhabit. Staff members have used excessive force. The Sheriff's Office (Sheriff Mahoney and Lt. McCall) will not allow an investigation by an outside agency. This jail fails to give adequate and medical assistance to an inmate.

(Doc. No. 1 at 3-4). As relief, Plaintiff states that he requests this Court to order an independent investigation of the jail's practices. (Id. at 4). He also seeks an order requiring the jail staff to take polygraph tests. (Id.). He states that he wants all staff members found to be in violation of North Carolina law to be "arrested and prosecuted" and "held accountable." (Id.). Plaintiff also states that he would "like to file charges on jail staff" for the violations of his rights and he requests "that th[e] jail be monitored by an outside agency on an ongoing basis." (Id.).

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint

to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

In the Complaint, Plaintiff seeks only declaratory and injunctive relief against Defendants. Plaintiff, however, is no longer incarcerated at the Transylvania County Detention Center. See (Doc. No. 7). Courts have recognized that an inmate's request for injunctive relief due to allegedly unconstitutional prison conditions becomes moot if the prisoner subsequently transfers from the institution with the challenged condition. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner mooted claims for injunctive and declaratory relief regarding allegedly unconstitutional prison conditions); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that a prisoner's request for injunctive relief on an inadequacy of law library claim was rendered moot by his transfer to another facility); Murray v. Lappin, No. 5:07-cv6, 2008 WL 249167, at *2 (N.D. W. Va. Jan. 29, 2008) ("[b]ecause his complaint challenges the

adequacy of the law library at Hazelton, the plaintiff's complaint, to the extent that he seeks injunctive relief, is moot because he no longer has a legally cognizable interest in the adequacy of the law library at Hazelton); Allen v. Murakami, No. 06-125, 2006 WL 2035630, at *2 (D. Haw. July 18, 2006) (dismissing claim for injunctive relief after the prisoner challenging the adequacy of the prison law library was released on parole from the prison). Because Plaintiff is no longer incarcerated at the Transylvania County Detention Center, his claims for declaratory and injunctive relief have been mooted and this action will therefore be dismissed.[1] The Court will, therefore, dismiss this action without prejudice.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice as moot.

2. Plaintiff's Motion to Appoint Counsel, Motion to Serve Petition on Sheriff's Office, (Doc. No. 3), is **DENIED** as moot.

3. The Clerk shall terminate this action.

Signed: October 21, 2016

Frank D. Whitney
Chief United States District Judge

---

[1] The Court further notes that, in any event, Plaintiff's allegations in their current state are too vague to state a cognizable claim. That is, Plaintiff makes vague allegations of alleged misconduct—such as harassment, threats, and use of excessive force—by Defendants against Plaintiff and other inmates at the jail, but he fails to allege specific facts as to how Defendants specifically harmed Plaintiff's federal and/or constitutional rights.